JOSEPH S. CUCULLU, PLAINTIFF IN ERROR, *v.* LOUIS EMMERLING.

Where, according to the practice in Louisiana, the facts of the case are stated by the court below in the nature of a special verdict, an objection that the contract sued upon could not be proved by one witness only, comes too late when made for the first time in this court.

According to that practice, the judge below finds facts, and not evidence of those facts.

THIS case was brought up by writ of error from the Circuit Court of the United States for the eastern district of Louisiana.

In 1857, Emmerling, a resident of New Orleans, an alien subject of the Grand Duke of Hesse Darmstadt, filed his petition in the Circuit Court, alleging that Cucullu had employed him as a broker to sell an estate. The cause was submitted to the court below, which found the following facts, viz:

*Cucullu* v. *Emmerling.*

The plaintiff, Louis Emmerling, a resident of the city of New Orleans, and an alien subject of the Grand Duke of Hesse Darmstadt, brings this suit against the defendant, a citizen of Louisiana, to recover the sum of twenty-seven huudred dollars, which he alleges is due him as the amount of his commissions on a sale effected by him as a broker.

The court finds that the defendant, Cucullu, offered his plantation and slaves for sale, for the sum of one hundred and thirty-five thousand dollars, on the following terms, viz: the purchaser to pay in cash the sum of thirty-five thousand dollars, and assume the payment of a note of twenty thousand dollars, payable on the 1st and 4th of February, 1858, and for the residue of the price the purchaser to pay $13,333.33⅓ on the 10th and 13th of December, 1858; $13,333.33⅓ on the 10th and 13th of December, 1859; $13,333.33⅓ on the 10th and 13th of December, 1860; $13,333.33⅓ on the 10th and 13th of December, 1861; $13,333.33⅓ on the 10th and 13th of December, 1862; $13,333.33⅓ on the 10th and 13th of December, 1863—the six last-mentioned sums to bear interest at the rate of five per cent. per annum until maturity, and interest at the rate of eight per cent. after maturity until paid.

The court finds that the plaintiff, Emmerling, in his capacity as broker, offered to find a purchaser for the plantation and slaves; and that he opened a negotiation with A. W. Walker, who finally purchased the same on the terms above mentioned; that the written contract of sale attached to the petition is in the handwriting of the plaintiff, and signed by the defendant and Walker.

The court further finds, that while there was no direct or positive proof that the defendant, Cucullu, promised to pay the plaintiff his commissions for negotiating the sale, yet that he did recognise the services of the said plaintiff, and his own liability to pay for those services, in a conversation which he had with the said plaintiff in the presence of A. W. Walker, the purchaser of the property.

The court further finds that it was through the intervention of the plaintiff, as broker, that the sale of the property was effected. The facts upon which the foregoing conclusions of

the court are founded were mainly furnished in the testimony of said A. W. Walker. The witness, Guyol, the notary public before whom the title to the property was passed, also proved that the defendant, Cucullu, inquired of him the amount of the commissions charged by the broker, and that he (Guyol) answered, that the amount was two per cent. on the price of the property. The usual rate at which broker's commissions for like services are charged is two per cent., as appears from the testimony of several brokers who were examined on the trial. It is therefore ordered and adjudged, that the plaintiff recover from the defendant the sum of. twenty-seven hundred dollars, the amount of his commissions as broker; and it is further ordered that the defendant pay the costs of this suit.

THEODORE H. McCALEB, <em>U. S. Judge.</em>

After an unsuccessful motion for a new trial, the defendant sued out a writ of error, and brought the case up to this court.

It was argued by *Mr. Taylor* for the plaintiff in error, and *Mr. Benjamin* for the defendant.

*Mr. Taylor* made the following points:

1. There was no direct or positive proof that the plaintiff in the court below—Louis Emmerling—was employed by Cucullu to negotiate a sale of his plantation, or that he had promised to pay him commissions for negotiating the sale. The conclusion that he did so is drawn, it is stated, from Cucullu's "recognition" of the services of the plaintiff, and of his own liability to pay for those services, in a conversation which he had with the plaintiff in the presence of A. W. Walker, the purchaser of the property; and the facts upon which this conclusion is based were testified to by a single witness, viz: Mr. A. W. Walker himself.

2. The agreement or contract under which Emmerling pretends to claim the payment by Cucullu of $2,700, as his commissions, cannot be proved in the State of Louisiana by one witness; and the judgment of the court below must be re-

versed for want of sufficient evidence to sustain it, as disclosed by the statement of facts in the case.

Cormier *v.* Le Blanc, 8 N. S., 458; **3 L. R., 214.**

Gasquit *v.* Kokeenot, 5 L. R., 268.

Lallande *v.* McMaster, 16 L. R., 532.

Gillespie *v.* Day, 19 L. R., 263.

Brent *v.* Slack, 10 R. R., 371.

*Mr. Benjamin* said:

Louis Emmerling recovered a judgment in the Circuit Court against J. S. Cucullu for twenty-seven hundred dollars, for brokerage on the sale of a plantation. The statement of facts shows that the commissions were earned by Emmerling, and the writ of error seems to have been prosecuted solely to vex and delay the defendant in error, who prays the court to allow him damages under the twenty-third rule.

Mr. Justice GRIER delivered the opinion of the court.

The declaration charges that the plaintiff below was employed by Cucullu, as a broker, to sell a plantation; that he effected a sale on terms satisfactory to Cucullu; that the sale was consummated, by delivery of the property and receipt of the purchase money; and that for these services the plaintiff was entitled to a brokerage of two per cent., which Cucullu refused to pay.

The facts of the case are stated by the court below in the nature of a special verdict, finding the allegations of the declaration to be supported by the evidence.

It has been objected here, that such a contract cannot be proved by one witness, according to the law of Louisiana. That objection should have been made to the court below, if it is worth anything. But the case stated, made by the judge to whom the cause was submitted, finds facts, and not evidence of facts; consequently, this court cannot inquire, unless upon some bill of exceptions properly taken, whether the evidence was sufficient to justify the finding of the court. It would be granting a new trial, because the verdict is not sup-

*Hodge et al. v. Williams.*

ported by the evidence, without any bill of exceptions to the admission of testimony or to the charge of the court.

The judgment of the court below is therefore affirmed.